Two actions, one by W. L. Bowles, administrator of Mary Virginia Woodward, deceased, and the other by W. L. Bowles, next friend of Edith Mozelle Woodward, both against the Atlantic Coast Line Railroad Company, to recover damages for the death of Mary Virginia Woodward, and for personal injuries suffered by Edith Mozelle Woodward, pending in the Superior Court of Halifax County, were, by consent, consolidated for trial, and tried together.
Issues arising in the pleadings were submitted to the jury and answered as shown by the record.
The jury found that Mary Virginia Woodward was killed, and Edith Mozelle Woodward was injured by the negligence of the defendant as the proximate cause of a collision between the automobile in which they were riding as guests of the owner and driver of the automobile and a locomotive engine of the defendant; that neither the said Mary Virginia Woodward nor the said Edith Mozelle Woodward, by her negligence, contributed to her respective death and injuries; and that the negligence, if any, of the driver of the automobile in which they were riding at the time of the collision did not insulate the negligence of the defendant. The jury assessed the damages which the plaintiff is entitled to recover for the death of Mary Virginia Woodward at $5,000, and for the injuries suffered by Edith Mozelle Woodward at $15,000.
From judgment that plaintiff, as administrator of Mary Virginia Woodward, recover of the defendant the sum of $5,000, and as next friend of Edith Mozelle Woodward recover of the defendant the sum of $15,000, and that the costs be taxed against the defendant, the defendant appealed to the Supreme Court, assigning as error the refusal of the trial court to allow defendant's motion at the close of all the evidence for judgment as of nonsuit, and to give certain instructions to the jury as requested by the defendant.
On its appeal to this Court, the defendant contends that on facts shown by all the evidence, it is not liable to the plaintiffs in these actions, and that for that reason there was error in the refusal of the trial court to allow its motion at the close of all the evidence for judgment as of nonsuit, or to give the peremptory instruction requested by the defendant in apt time, and in writing.
After a careful examination of the record, we are of opinion that defendant's contention cannot be sustained. Its assignments of error are overruled, and the judgment is affirmed. *Page 842 
Both actions arise out of a collision at a grade crossing in the town of Enfield, N.C. Every fact involved in the issues submitted to the jury to determine the liability of the defendant was in dispute. The evidence was conflicting, and for that reason was properly submitted to the jury. The principles of law applicable to the facts as the jury might find them from the evidence are well settled and were correctly applied by the court in its rulings during the trial, and in its charge to the jury. The record discloses no error of law in the trial.
No error.
DEVIN, J., took no part in the consideration or decision of this case.